## CIRCUIT COURT OF CHESTERFIELD COUNTY

LeClair

v.

Karger

June 26, 1989

Case No. (Chancery) 87-6387

By JUDGE HERBERT C. GILL, JR.

On February 13, 1989, counsel presented argument as to plaintiff's exceptions to the Commissioner's report filed November 28, 1988. The Commissioner recommended that the Court require defendant to convey her interest in the realty to plaintiff and that plaintiff reimburse defendant for (1) the amount of $500.00 for her contribution to the down payment and (2) the sum of $20.00 per month, "the excess of the amount paid by her to the market rental value of the house since August of 1987 to present." Report of Commissioner, filed November 28, 1988, page 12. The Commissioner determined that equity required the imposition of a constructive trust and that defendant, as the constructive trustee, held the property for the benefit of plaintiff.

Plaintiff argues that the evidence does not support the imposition of a constructive trust and that the express provisions of the deed control. The deed grants each party as tenants in common "a one-half undivided interest."

According to the Commissioner's findings, plaintiff contributed the following sums for the purchase of the home:

| | |
|---|---|
| Closing Costs: | $22,147.33 |
| One Percent Loan Origination | |
| Fee to Citicorp: | 720.00 |
| Credit Report to Citicorp: | 24.00 |
| Metmor: | 25.00 |
| Down Payment: | 500.00 |

Defendant contributed $500.00 as one-half of the down payment. From August, 1986, until August, 1987, the parties divided the house payments. Subsequent to August, 1987, defendant made the total mortgage payment.

Upon consideration of argument presented and memoranda submitted, defendant's motion to confirm the Commissioner's conclusions of law is denied. The Commissioner's findings of facts are sustained. The evidence does not warrant imposition of a constructive trust. Therefore, the express provisions of the deed control. Counsel for plaintiff is directed to draft an order in accordance with this opinion.

Pursuant to Section 8.01-610 of the Virginia Code, the Commissioner's report should be sustained unless the findings are not supported by the evidence. *Jamison v. Jamison*, 3 Va. App. 644 (1987). However, the deference afforded to the Commissioner's findings of fact is not granted to conclusions of law. *Id*.

A constructive trust is created by operation of law, considered independent of the intention of the parties and "may arise from breach of fiduciary duty as well as from actual fraud or unconscionable conduct amounting to constructive fraud." *Greenspan v. Osheroff*, 232 Va. 388 (1987) (fiduciary obligation arising out of employer-employee relationship and assumption of duty supported imposition of constructive trust), citing *Leonard v. Counts*, 221 Va. 582 (1980) (terms of parol contract enforced by constructive trust in regard to realty purchased at auction); *Porter v. Shaffer*, 147 Va. 921 (1926) (complainants constructed a building on respondent's land and sought reimbursement of expenses by compelling the sale of the realty. The Court refused to impose a constructive trust). *See also Woolley v. Woolley*, 3 Va. App. 337 (1986) (lower Court's imposition of a constructive trust where husband's mother contributed to the down payment on property was reversed).

In *Woolley*, the Court held that the elements necessary to support the imposition of a constructive trust were not present. The Court stated:

> In our review of the record, we find no evidence suggesting that a fraud or other injustice was perpetuated on Catherine Woolley when the marital residence was purchased in 1976. Further, there is no evidence before the Court that Catherine Woolley was promised or believed she had acquired an ownership interest in the property. *Id.* at 337.

The Commissioner supports imposition of the constructive trust by noting; (1) the parties "confidential and personal" relationship, (2) defendant does not claim the property was a gift, and (3) defendant initiated the purchase process and that personal difficulties ensued after the parties occupied the home.

The aforementioned survey of Virginia cases provide that constructive trusts arise from: (1) actual fraud, (2) violation of some positive fiduciary obligation, and (3) unconscionable conduct which equity calls constructive fraud.

The considerations cited by the Commissioner fail to warrant imposition of a constructive trust under Virginia law. The evidence necessary to support imposition of a constructive trust, "must be clear, definite and convincing." *Greenspan v. Osheroff*, 232 Va. 388 (1986), citing *Sutton v. Sutton*, 194 Va. 179 (1952). The evidence presented fails to support the finding of fraud, actual or otherwise, and does not establish a fiduciary relationship.